UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN MARIANNE CRAIG,

               Plaintiff,

     v.

NANCY BERRYHILL, Acting
Commissioner of Social Security,[1]

               Defendant.

CASE NO. 3:16-CV-05443-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: February 17, 2017

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB").

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider the medical opinion evidence of treating physician Dr. Vu Ngo, M.D. and state agency non-examining consultants Dr. Thomas Clifford, Ph.D. and Dr. Robert Hoskins, M.D. Had the ALJ properly considered this medical opinion evidence, the

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

1   residual functional capacity may have included additional limitations. The ALJ's error is

2   therefore harmful and the Court recommends this matter be reversed and remanded pursuant to

3   sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security

4   ("Commissioner") for further proceedings consistent with this Report and Recommendation.

5                               FACTUAL AND PROCEDURAL HISTORY

6           On March 21, 2011, Plaintiff filed applications for SSI and DIB, alleging disability as of

7   April 27, 2010. *See* Dkt. 16, Administrative Record ("AR") 15. The applications were denied

8   upon initial administrative review and on reconsideration. *See id.* A hearing was held before ALJ

9   Paul Robeck and a decision denying benefits was issued on November 27, 2012. *See* AR 77-104,

10  135-43. Plaintiff appealed to the Appeals Council and, on February 28, 2014, the Appeals

11  Council remanded the ALJ's decision. AR 149-50.

12          Following the Appeals Council remand, the ALJ held a hearing on September 9, 2014.

13  AR 38-76. In a decision dated November 7, 2014, the ALJ determined Plaintiff to be not

14  disabled. *See* AR 15-31. Plaintiff's request for review of the ALJ's decision was denied by the

15  Appeals Council, making the ALJ's November 2014 decision the final decision of the

16  Commissioner of Social Security ("Commissioner"). *See* AR 1-5; 20 C.F.R. § 404.981, §

17  416.1481.[2]

18           In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly

19  consider the medical opinion evidence; (2) provide clear and convincing reasons for rejecting

20  Plaintiff's subjective symptom testimony; (3) find Plaintiff met Listing 12.04 or 12.06; (4)

21  properly evaluate the residual functional capacity and assess Plaintiff's ability to perform her

22  past relevant work. *See* Dkt. 23, p. 1.

23  _____

24          [2] When discussing the ALJ's decision in this Report and Recommendation, the Court is referring to the
    ALJ's November 2014 decision.

1                         STANDARD OF REVIEW

2         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3 social security benefits if the ALJ's findings are based on legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5 Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6                            DISCUSSION

7 **I.       Whether the ALJ properly weighed the medical opinion evidence.**

8         Plaintiff contends the ALJ failed to properly consider the medical opinion evidence of

9 treating physician, Dr. Vu Ngo, M.D. and state agency non-examining consultants Dr. Thomas

10 Clifford, Ph.D. and Dr. Robert Hoskins, M.D. Dkt. 23, pp. 2-15.

11         The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

12 opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

13 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

14 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

15 opinion can be rejected "for specific and legitimate reasons that are supported by substantial

16 evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

17 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

18 accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

19 clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

20 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

21         The ALJ "may reject the opinion of a non-examining physician by reference to specific

22 evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing

23 Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of

24

1  the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*,

2  427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750

3  ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant

4  evidence as a reasonable mind might accept as adequate to support a conclusion").

5       A.  Dr. Ngo

6       Plaintiff alleges the ALJ failed to provide specific and legitimate reasons for giving little

7  weight to Dr. Ngo's opinion. Dkt. 23, pp. 2-12. Dr. Ngo, Plaintiff's treating physician, completed

8  a Physical Residual Functional Capacity Questionnaire on August 20, 2014. AR 1296-99. Dr.

9  Ngo found Plaintiff is capable of performing in low stress jobs; she can sit 20 minutes and stand

10 10 minutes at one time before needing to change positions and sit and stand/walk for a total of

11 two hours each in an eight-hour day. AR 1297. He opined Plaintiff must walk every 15-20

12 minutes for 10 minutes, be able to shift at will from sitting, standing, or walking, and will need to

13 take unscheduled breaks every 20 minutes. AR 1297-98. Dr. Ngo opined Plaintiff can:

14 occasionally lift and carry less than 10 pounds, look up and down, and turn her head; rarely hold

15 her head in a static position or climb stairs; and never twist, stoop, crouch/squat, or climb

16 ladders. AR 1298. He found Plaintiff has no reaching, handling, or fingering limitations. AR

17 1299. Dr. Ngo also found Plaintiff will, on average, miss more than four days of work per month

18 as a result of her impairments or treatment. AR 1299.

19       The ALJ discussed Dr. Ngo's opinion and then stated:

20       MD Ngo's opinion is given little weight. (1) It is inconsistent with the assessment
         of the state agency consultant. (2) It also does not square with evidence of an
21       exaggerated pain response, poor effort on testing and the claimant's somatic
         complaints and chronic inactivity/deconditioning.
22
23 AR 28-29 (numbering added).

24

First, the ALJ found Dr. Ngo's opinion was entitled to little weight because it was inconsistent with the assessment of the state agency consultant. AR 28. As stated above, when a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31. In finding Dr. Ngo's opinion inconsistent with a state agency consultant's opinion, the ALJ merely shifted the standard for giving less weight to Dr. Ngo's opinion from clear and convincing to specific and legitimate reasons. As inconsistency with a state agency consultant's opinion simply shifts the standard, it is not a sufficient reason in itself to reject Dr. Ngo's opinion. Further, the ALJ did not state which state agency consultant's opinion was more persuasive than Dr. Ngo's opinion or explain why the state agency consultant's opinion was more persuasive. *See* AR 28. Accordingly, the ALJ's first reason for giving little weight to Dr. Ngo's opinion is not legitimate. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive).

Second, the ALJ gave little weight to Dr. Ngo's opinion because it "does not square with evidence of an exaggerated pain response, poor effort on testing and the claimant's somatic complaints and chronic inactivity/deconditioning." AR 28-29. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13 (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings

does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

The ALJ provided a conclusory statement finding Dr. Ngo's opinion "does not square with evidence of an exaggerated pain response, poor effort on testing and the claimant's somatic complaints and chronic inactivity/deconditioning." AR 28-29. The ALJ failed to identify the specific evidence he relied on to conclude Plaintiff has an exaggerated pain response, poor effort on testing, somatic complaints, and chronic inactivity/deconditioning. *See* AR 28-29. Further, the ALJ has failed to explain how Dr. Ngo's opinion is contradicted by these findings. Without more, the ALJ has failed to meet the level of specificity required to reject a physician's opinion. The ALJ's conclusory statement finding Dr. Ngo's opinion was contradicted by Plaintiff's exaggerated pain response, poor effort on testing, somatic complaints, and chronic inactivity/deconditioning is insufficient to reject his opinion. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Ngo's opinion. Accordingly, the ALJ erred.

1    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

2    F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

3    claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

4    *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

5    F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

6    application of judgment" by the reviewing court, based on an examination of the record made

7    "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

8    1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

9         Had the ALJ properly considered Dr. Ngo's opinion, he may have included additional

10    limitations in the residual functional capacity assessment ("RFC"). For example, Dr. Ngo opined

11    Plaintiff cannot sit for more than two hours in an eight-hour day. AR 1297. He also found

12    Plaintiff could lift only ten pounds occasionally and must be limited to low stress jobs. AR 1297-

13    98. The ALJ did not include these limitations in the RFC. *See* AR 20. Thus, the ultimate

14    disability determination may change if Dr. Ngo's limitations are included in the RFC and

15    considered throughout the remaining steps of the sequential evaluation process. Accordingly, the

16    ALJ's error is not harmless and requires reversal.

17         B.  Dr. Clifford

18         Plaintiff alleges the ALJ erred when he gave great weight to the opinion of non-

19    examining state agency psychologist Dr. Clifford, but did not include all his opined limitations in

20    the RFC. Dkt. 23, pp. 12-13. The ALJ "need not discuss all evidence presented." *Vincent ex rel.*

21    *Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject

22    'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71

23

24

1   (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state

2   reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

3        Dr. Clifford found, in relevant part, Plaintiff was capable of understanding, remembering,

4   and carrying-out simple and some detailed instructions. AR 126. He also opined Plaintiff was

5   moderately limited in her ability to carry-out detailed instructions and maintain attention and

6   concentration for extended periods. AR 126. The ALJ gave great weight to Dr. Clifford's

7   opinion. AR 29. In the RFC, the ALJ limited Plaintiff to semi-skilled work. AR 20. He did not

8   include in the RFC any limitations on Plaintiff's ability to carry-out detailed instructions or

9   maintain attention and concentration. *See* AR 20.

10        Plaintiff contends Dr. Clifford's opined limitations restrict Plaintiff to unskilled work,

11   and argues the ALJ erred when he limited Plaintiff to semi-skilled work after giving great weight

12   to Dr. Clifford's opinion. Dkt. 23, pp. 12-13. Defendant does not address Plaintiff's argument or

13   assert all Dr. Clifford's opined limitations were included in the RFC. See Dkt. 27, pp. 13-14.

14        In Dr. Clifford's opinion, Plaintiff is moderately limited in her ability to carry-out

15   detailed instructions and maintain attention and concentration for extended periods. *See* AR 126.

16   These limitations may preclude semi-skilled work. *See* 20 C.F.R. § 404.1568(b) ("Semi-skilled

17   jobs may require alertness and close attention to watching machine processes; or inspecting,

18   testing or otherwise looking for irregularities; or tending or guarding equipment, property,

19   materials, or persons against loss, damage or injury[.]"). The ALJ did not expressly include

20   limitations of carrying-out detailed instructions and maintaining attention and concentration for

21   extended periods in the RFC. *See* AR 20. He also did not explain if he interpreted Dr. Clifford's

22   opinion as limiting Plaintiff to semi-skilled work. *See* AR 29. The Court, therefore, cannot

23   meaningfully determine if the ALJ properly considered all of the limitations included in Dr.

24

REPORT AND RECOMMENDATION - 8

Clifford's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency

[must] set forth the reasoning behind its decisions in a way that allows for meaningful review");

*Blakes*, 331 F.3d at 569. Accordingly, the Court finds the ALJ erred.

Had the ALJ properly considered all Dr. Clifford's opined limitations, the RFC

assessment may have included additional limitations. As the ultimate disability decision may

have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

C.  Dr. Hoskins

Plaintiff argues the ALJ failed to properly consider the opinion of Dr. Hoskins, a non-

examining state agency physician. Dkt. 23, pp. 13-15. Specifically, Plaintiff argues the ALJ erred

when he gave little weight to Dr. Hoskins' opinion as to Plaintiff's fingering limitations. *Id*.

Dr. Hoskins found, in relevant part, Plaintiff was limited no more than frequent fingering.

AR 125. The ALJ discussed Dr. Hoskins' findings and stated:

> MD Hoskins' opinion is given great weight, except for his manipulative
> limitations, which are contraindicated by the claimant's (1) positive response to
> her carpal tunnel surgery and (2) her significant activities at home suggesting
> decent manipulative abilities. (3) Further limitations are unwarranted based on
> evidence of exaggerated pain response, poor effort on testing and the claimant's
> somatic complaints and chronic inactivity/deconditioning.

AR 29 (numbering added).

The ALJ provided three conclusory reasons for giving little weight to Dr. Hoskins'

findings regarding Plaintiff's fingering limitations. *See* AR 29. He failed to provide his

interpretation of the evidence and he did not provide a detailed explanation as to why the

fingering limitation should be rejected. The ALJ failed to identify any functional abilities

demonstrated by Plaintiff which are contrary to Dr. Hoskins' opinion. For example, the ALJ

failed to show how Plaintiff's positive response to carpal tunnel surgery allows her to engage in

more than frequent fingering. *See* AR 29. The ALJ also failed to identify any activities of daily

living which contradict Dr. Hoskins' findings. Last, the ALJ fails to explain how Plaintiff's

alleged exaggerated pain response, poor effort on testing, somatic complaints, and chronic

inactivity/deconditioning contradict Dr. Hoskins' opinion regarding Plaintiff's fingering

limitations. *See* AR 29.

The three vague, conclusory statements rejecting the manipulative limitations opined to

by Dr. Hoskins do not reach the specificity necessary to justify rejecting this portion of his

opinion and are insufficient for this Court to determine if the ALJ properly considered the

evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888

F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it

was contrary to clinical findings in the record was "broad and vague, failing to specify why the

ALJ felt the treating physician's opinion was flawed"). Had the ALJ properly considered Dr.

Hoskins' entire opinion, the RFC assessment may have included fingering limitations. As the

ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674

F.3d at 1115.

As the ALJ erred in his consideration of the medical opinion evidence, the Court finds

this matter must be remanded for the ALJ to reconsider all the evidence and issue a new

decision.

**II.      Whether the ALJ erred by failing to provide clear and convincing reasons
            supported by the record to discount Plaintiff's subjective testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for finding Plaintiff

not credible. Dkt. 23, pp. 19-22. On March 16, 2016, the Social Security Administration changed

the way it analyzes a claimant's credibility. *See* Social Security Ruling ("SSR") 16-3p, 2016 WL

1119029 (S.S.A. Mar. 16, 2016). As the ALJ's opinion was issued on November 7, 2014, he

could not have applied the standard set forth in SSR 16-3p. However, the Court concludes the

1  ALJ committed harmful error in assessing the medical opinion evidence and finds remand

2  necessary for the ALJ to reconsider the evidence and issue a new decision. *See* Section I, *supra*.

3  Therefore, on remand, the Court finds the ALJ should re-evaluate Plaintiff's subjective symptom

4  testimony applying SSR 16-3p. *See Connor v. Barnhart*, 82 Fed.Appx. 600 (9th Cir. 2003)

5  (finding regulations which became effective prior to the ALJ's decision are applicable); *Folsom*

6  *v. Colvin*, 2016 WL 6991194, n. 10 (C.D. Cal. Nov. 29, 2016) (directing SSR 16-3p to apply on

7  remand); *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086-87 (N.D. Cal. 2001) (after finding

8  remand necessary to correct errors in rejecting the medical evidence and lay testimony, the court

9  directed the ALJ to comply with a new regulation which was enacted after the ALJ issued his

10  decision).

11  **III.     Whether the ALJ erred by failing to find Plaintiff met a Listing.**

12  Plaintiff also asserts the ALJ erred by failing to find she meets Listing 12.04 and/or

13  12.06. Dkt. 23, pp. 22-23. Specifically, Plaintiff contends the ALJ erred by finding Plaintiff

14  experienced no episodes of decompensation. *Id.*; *see* AR 20. Effective January 17, 2017, Listing

15  12.04 and 12.06 no longer require episodes of decompensation. *See* 20 C.F.R. Part 404, Subpt. P,

16  App. 1, §§ 12.04, 12.06 (2017). Because the Court has found remand necessary in this case due

17  to the ALJ's error in assessing the medical opinion evidence, *see* Section I, *supra*, the Court

18  finds the ALJ should re-evaluate Step Three of the sequential evaluation process and determine if

19  Plaintiff meets a Listing under the new regulations. *See* Revised Medical Criteria for Evaluating

20  Mental Disorders, Fed. Reg. 66,137, n. 1 (Sept. 26, 2016) ("If a court reverses [the] final

21  decision and remands a case for further administrative proceedings after the effective date of [the

22  new Listings], [the Commissioner] will apply these final rules to the entire period at issue in the

23

24

1  decision we make after the court's remand"); *Connor*, 82 Fed.Appx. 600; *Mersman*, 161

2  F.Supp.2d at 1086-87.

3  **IV.    Whether the ALJ erred in his evaluation of the RFC and in finding Plaintiff could return to her past relevant work.**

4

5  Plaintiff maintains the ALJ erred in determining the RFC because he failed to (1) include

6  all the limitations identified by Drs. Ngo, Clifford, and Hoskins and (2) address the impact of

7  Plaintiff's fibromyalgia. Dkt. 23, pp.16-17. Plaintiff also alleges the ALJ erred at Step 4 when he

8  found Plaintiff could perform her past relevant work. *Id*. at pp. 17-19.

9  The Court concludes the ALJ committed harmful error when he failed to properly

10  consider the opinions of Drs. Ngo, Clifford, and Hoskins. *See* Section I, *supra*. The ALJ must

11  therefore reassess the RFC on remand.[3] *See* Social Security Ruling 96-8p ("The RFC assessment

12  must always consider and address medical source opinions."); *Valentine v. Commissioner Social*

13  *Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations

14  is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the

15  findings at Step Four and Step Five to determine if Plaintiff is disabled in light of the new RFC.

16  *See Watson v. Asture*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC

17  determination and hypothetical questions posed to the vocational expert defective when the ALJ

18  did not properly consider a doctor's findings).

19  **V.    Whether the case should be remanded for an award of benefits.**

20  Plaintiff argues in a conclusory manner this matter should be remanded with a direction

21  to award benefits. *See* Dkt. 23, p. 23; 12, p. 11. The Court may remand a case "either for

22  additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally,

23  _____

24  [3] The ALJ must consider the limitations caused by all Plaintiff's severe impairments, including fibromyalgia, when re-evaluating the RFC. *See* AR 18 (finding degenerative joint disease, degenerative disc disease and stenosis of the lumbar spine, whiplash injury, fibromyalgia, and depression to be a severe impairments).

when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined the ALJ must re-evaluate Step Three, the medical opinion evidence, Plaintiff's symptom testimony, and the RFC on remand and finds issues remain which must be resolved concerning Plaintiff's functional capabilities and her ability to perform her past relevant work or other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 17,

2  2017, as noted in the caption.

3         Dated this 1st day of February, 2017.

4

5                                            _____
                                             David W. Christel
6                                            United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 14